Brown v Home Sales, Inc. (2022 NY Slip Op 06903)

Brown v Home Sales, Inc.

2022 NY Slip Op 06903

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2017-04935 
2017-04938
 (Index No. 504151/15)

[*1]Veta Brown, plaintiff-respondent, 
v
Home Sales, Inc., defendant-respondent, Eric Tenu Thomas, Jr., appellant, et al., defendants.

Eric Tenu Thomas, Jr., Brooklyn, NY, appellant pro se.
Joseph A. Altman, P.C., Bronx, NY, for plaintiff-respondent.
Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky and Christopher J. W. Verby of counsel), for defendant-respondent.

DECISION & ORDER
In an action, inter alia, to set aside a deed, the defendant Eric Tenu Thomas, Jr., appeals from two orders of the Supreme Court, Kings County (Mark I. Partnow, J.), both dated April 18, 2017. The first order, insofar as appealed from, granted that branch of the motion of the defendant Home Sales, Inc., which was pursuant to CPLR 3211(a) to dismiss the cross claim asserted against it by the defendant Eric Tenu Thomas, Jr. The second order granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Eric Tenu Thomas, Jr.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the defendant Home Sales, Inc.
At issue in this case is the ownership of two adjacent lots in Brooklyn. The lots were initially owned by LIAT, LLC, which acquired them as one lot, designated Lot 78, at a tax lien foreclosure sale. Lot 78 was subdivided into two tax lots but remained one lot for zoning purposes. In November 2004, LIAT, LLC, conveyed one of the lots, designated new Lot 79 (hereinafter the adjacent lot), to a third party. In December 2004, LIAT, LLC, conveyed the other lot, which retained the designation Lot 78 (hereinafter the subject lot), to the plaintiff by a deed that erroneously described the subject lot as "new lot 79."
The third party who purchased the adjacent lot, the actual new Lot 79, mortgaged that property, and the mortgage was foreclosed in an action that named the plaintiff as a party, presumably because of some confusion over title. The defendant Home Sales, Inc. (hereinafter Home Sales), purchased the adjacent lot at the foreclosure sale. A referee's deed dated November [*2]20, 2008, conveyed the adjacent lot to Home Sales, and the deed was recorded on December 19, 2008. However, the recording and endorsement cover page inaccurately described the adjacent lot as Lot 78. On August 28, 2009, a corrected deed was issued for the purpose of correcting the deed dated November 20, 2008, "as said deed was recorded under incorrect lot 78 instead of correct lot #79 ."
Thereafter, Home Sales conveyed the adjacent lot to the defendant Eric Tenu Thomas, Jr. Thomas drafted a confirmatory deed dated September 8, 2009, which purported to convey both the adjacent lot and the subject lot to himself. Thomas claims that since the lots were never legally subdivided, both lots were subject to the judgment of foreclosure and sale that was entered against both the third party who owned the adjacent lot and the plaintiff who owned the subject lot, and that the December 2004 deed conveying the subject lot to the plaintiff referred to Lot 79.
In 2015, the plaintiff commenced this action against, among others, Home Sales and Thomas, inter alia, to set aside the confirmatory deed. Thomas asserted a cross claim against Home Sales, alleging that Home Sales fraudulently conveyed to him only a portion of the "Entire Zoning Lot," which consisted of both the adjacent lot and the subject lot, and seeking to compel Home Sales to "execute a Corrective Deed" conveying to him the "Entire Zoning Lot" consisting of the adjacent lot and the subject lot.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Thomas. Home Sales moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss Thomas's cross claim, arguing that Home Sales could not convey the subject lot to Thomas because it never owned the subject lot. In opposition to the motions, Thomas relied on an affidavit of an architect, George Rycar, who averred that the two lots could not be conveyed separately without violating the applicable zoning regulation requiring a "minimum of 18ft in lot width frontage." The motions were referred by the judge handling the matter to another judge, who issued two orders, both dated April 18, 2017. The first order, inter alia, granted that branch of Home Sales' motion which was to dismiss Thomas's cross claim. The second order granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Thomas. Thomas appeals from both orders.
On appeal, Thomas argues that the orders should be reversed because they were not issued by the judge handling the matter, allegedly in violation of 22 NYCRR 202.3 and CPLR 2221. This contention, raised for the first time on appeal, is not properly before us. Further, the question of whether the conveyances of the subject lot and the adjacent lot created an illegal subdivision in contravention of zoning regulations is not before this Court. The issue here is who owns the subject lot, and not whether either lot complies with zoning regulations.
On the merits, although the subdivision of the original Lot 78 into two tax lots—the subject lot and the adjacent lot—created some confusion, it is clear from the record that since Thomas's grantor, Home Sales, only took title to the adjacent lot, Thomas as grantee only acquired title to the adjacent lot. The plaintiff established her prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against Thomas, and in opposition, Thomas failed to raise a triable issue of fact. Home Sales established its entitlement to dismissal of Thomas's cross claim.
We decline the plaintiff's request to impose a sanction against Thomas for prosecuting this allegedly frivolous appeal (see 22 NYCRR 130-1.1).
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court